IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**CHARLES TAYLOR COMMUNICATION, INC.,**
a Delaware corporation, and **HCH ADMINISTRATION,
INC**., a New Mexico corporation,

                                    **Plaintiffs,**

v.                                                    **CIV No. 02-1020 LH/ACT-ACE**

**CRAIG HOSPITAL**, a Colorado corporation, **CNS
MEDICAL GROUP, P.C.**, a Colorado corporation,
**KRISTOPHER JARDEE**, and **AMERICAN NATIONAL
LIFE INSURANCE COMPANY OF TEXAS**, a Texas
corporation,

                                    **Defendants.**


<u>**MEMORANDUM OPINION AND ORDER**</u>


     **THIS  MATTER** comes before the Court on Defendants Craig Hospital and CNS Medical

Group, P.C.'s Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Motion for

Transfer of Venue Pursuant to 28 U.S.C. § 1404(a) (Docket No. 4).  The Court, having considered

the motions and briefs on their merits, as well as relevant caselaw, concludes that this Court is

without personal jurisdiction over these two Defendants, and concludes that the motion to dismiss

is well taken and will be **granted**.

## I.  Background

Kristopher Jardee was severely injured in a motor vehicle accident in June 2001.  He was treated at Denver Health Medical Center ("Denver Health") until July 2001, when he was transferred to Craig Hospital.  Plaintiffs allege that Jardee is a Colorado resident who was previously an employee of Charles Taylor Communications, Inc. ("CTC"), and that Jardee had elected to pay for and retain his medical benefits from CTC after his employment with CTC terminated.  (First Am. Pet. for Decl. Relief, ¶ 14).  Plaintiffs further allege that after Denver Health and Craig Hospital provided medical treatment to Jardee, Jardee assigned his claims for insurance reimbursement to these two medical facilities.  (*Id.* at ¶ 18).  In this declaratory judgment action, Plaintiffs seek an order determining the rights and liabilities of each party involved in this lawsuit.  The dispute seems to be at least partially about whether or not Craig Hospital has any right to reimbursement from HCH for the cost of medical care it provided to Jardee.

As further background, the Court notes that the complaint alleges the following information as to the two Plaintiffs: CTC is a Delaware corporation with its principal place of business in Albuquerque.  Plaintiff HCH Administration, Inc. ("HCH") is a New Mexico corporation with its principal place of business in Albuquerque, New Mexico (*Id.*, ¶¶ 1,2)

As to Defendants, the complaint states that Craig Hospital, a specialized rehabilitation facility, is located in Denver, Colorado, as is Denver Health, an emergency medical facility.  (*Id.*, ¶¶ 3,4).  As above-stated, the complaint alleges that Jardee is a resident of the State of Colorado,  and that Defendant American National Life Insurance Company of Texas ("ANL") is a Texas corporation with

its principal place of business in Galveston, Texas.  (*Id*, ¶¶ 5,6).[1]  Neither the original complaint nor the amended complaint makes any mention of CNS Medical Group, P.C., except to name this corporation as a defendant in the caption.


## II.  Personal Jurisdiction Issue

Defendants Craig Hospital and CNS Medical Group, P.C. state this Court lacks personal jurisdiction over them because they do not have sufficient minimum contacts within the State of New Mexico to satisfy due process.  Additionally, they state they have not committed one of the acts enumerated in New Mexico's long-arm statute.

Plaintiffs contend it would be proper for this Court to exercise jurisdiction over Craig Hospital because of its promotion as a "World Renowned" rehabilitation facility, its maintenance of an Internet website, its solicitation of out-of-state residents, its willingness to do business with out-of-state insurance companies, and its telephone call into New Mexico for pre-authorization to treat Jardee. (Pl.'s Reply to Def.'s Motion to Dismiss at 2, 3).  Plaintiffs argue that these contacts are sufficient for Craig Hospital to reasonably anticipate being haled into this Court.  (*Id.*).  Additionally, Plaintiffs contend that Colorado does not have jurisdiction over the matter because HCH has not conducted any activities in Colorado that would subject it to jurisdiction in that forum.    Pursuant to FED.R.CIV.P. 4(k)(1)(A), this Court refers to the New Mexico long-arm statute to determine whether personal jurisdiction exists over a nonresident, out-of-state defendant.  As this Court has stated before, New Mexico's long arm statute is a three-step test: (1) the defendant's act must be one of the

---

[1]  According to Paragraph 11 of the complaint, ANL is an excess insurance carrier, with CTC the insured under this "stop loss" policy.

five enumerated in the long-arm statute; (2) the plaintiff's cause of action must arise from the act; and (3) minimum contacts sufficient to satisfy due process must be established by the defendant's act. *See American Rescue Team International v. Nikken Inc.,* No. CV 02-0224 (D.N.M. Feb. 7, 2003) (citing *Rogers v. 5-Star Mgmt.*, 946 F.Supp. 907, 911 (D.N.M. 1996)). The reach of New Mexico's long-arm statute extends as far as constitutionally permissible. *United Nuclear Corp. v. Gen. Atomic Co.,* 91 N.M. 41, 42 (1977).

New Mexico equates the first and third steps of the test with the due process standard of minimum contacts. Thus, the necessity of a technical determination of whether the non-resident committed an enumerated act has evaporated and the Court searches for the outer limits of what due process permits. *Santa Fe Techs. v. Argus Networks, Inc.,* 131 N.M. 772, 779 (Ct. App. 2001). For the Court to find personal jurisdiction, the plaintiff must allege an occurrence that falls within the long-arm statute and sufficient minimum contacts to comport with due process. *Id.* at 779-81 (citing *Cronin v. Sierra Med. Ctr.,* 129 N.M. 521, 527 (2000)). The court may consider all factual pleadings, but resolves all factual disputes in Plaintiffs' favor. *Rogers,* 946 F.Supp. at 910.

Plaintiffs only need to make a *prima facie* showing that personal jurisdiction exists. *Santa Fe Techs.,* 131 N.M. at 779. To sustain personal jurisdiction, Plaintiffs must show that Defendants had sufficient minimum contacts with New Mexico so as not to offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). The Court looks at the degree the Defendants avail themselves to the privileges of conducting business within the forum state, invoking the benefits and protections of the state laws. *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). Defendants' conduct and connection with the forum state must be such that they would reasonably anticipate being haled into court here. *See World-Wide Volkswagen Corp. v.*

4

*Woodson,* 444 U.S. 268, 297 (1980).

Plaintiffs correctly state that in some situations a single telephone call or letter may be sufficient for this Court to assert jurisdiction.  *See Russey v. Rankin,* 837 F.Supp. 1103, 1105 (D.N.M. 1995).  However, in those situations the "communications in the forum state constitute the heart of defendant's business and are the precise subject matter of [the] action" and are not incidental to the defendant's primary business.  *Id.*  The *Russey* court held it did have jurisdiction over the defendant, a consumer debt collection agency located in California.  The company sent collection letters into New Mexico allegedly in violation of the Federal Fair Debt Collection Practices Act.  The court reasoned that because the cause of action was based on the contact, the defendant was subject to the jurisdiction of the court.

This Court has previously addressed in *American Rescue Team Int'l* whether maintenance of an Internet website meets the due process requirements of personal jurisdiction and has adopted a sliding scale analysis used by other jurisdictions.  At one end of the spectrum are interactive websites where business is clearly transacted over the Internet.  One such example is where the defendant enters into contracts with residents of foreign jurisdictions that involve the knowing and repeated transmission of computer files.  In that instance, personal jurisdiction is proper.  On the opposite end of the spectrum, are passive websites where the defendant has merely posted information on an Internet website which is accessible to people in other jurisdictions who are interested in the information.  A passive website is not sufficient grounds for personal jurisdiction. In the middle of the spectrum lies situations where the website allows a user to exchange information with the host computer, but there is not a clear transaction of business.  In these situations, the level of interactivity and commercial nature of the information exchanged determines whether exercising

5

jurisdiction is proper. *Zippo Mfg. Co. v. Zipp Dot Com., Inc.,* 952 F.Supp. 119, 1124 (W.D. Pa. 1997) (citations omitted). If the website falls in the middle of the spectrum, the analysis is identical to the due process analysis described above.

In this case, Plaintiffs have alleged only one action that would equate to a purposeful act within the state, the telephone call for pre-authorization. This is insufficient contact to find jurisdiction because it was not the "heart" of Defendants' business. Additionally, the website is closer to a passive website than an interactive website. It is apparent from Plaintiffs' Exhibit A that the website only provides information and does not allow for the transaction of any business. Craig Hospital has not purposefully initiated any activity within New Mexico to comport with the requirements of due process.

I note that Plaintiffs have plead absolutely nothing about CNS Medical Group, P.C.

For these reasons, I conclude that the Court has no personal jurisdiction over either Craig Hospital or CNS Medical Group, P.C.

## II.  Transfer Issue

Defendants alternatively move this Court to transfer this case to a federal court in Colorado, pursuant to 28 U.S.C. § 1440. The Tenth Circuit has held that a court may not grant transfer under Section 1404(a) if it does not have personal jurisdiction over the defendant, although such a transfer might be effected under 28 U.S.C. § 1631. *See* 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 111.14[2], *citing Ross v. Colorado Outward Bound School, Inc.*, 822 F.2d 1524, 1526 (10th Cir. 1987). These two Defendants will be dismissed from this case and the Court will not consider further their alternative request for relief.

**WHEREFORE**, Defendants Craig Hospital's and CNS's Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 4), filed October 17, 2002, is **GRANTED** and Defendants' alternative motion to transfer venue is **DENIED**. Craig Hospital and CNS Medical Group, P.C. are therefore dismissed from this case without prejudice.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**